**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**BOWLING GREEN DIVISION**
**CIVIL ACTION NO. 1:07CV-00046-JHM**

**LINDA WILSON**  PETITIONER

**VS.**

**DIANE S. ROBL,**
**Clerk, U.S. Bankruptcy Court for**
**the Western District of Kentucky**  RESPONDENT

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND RECOMMENDATION**

**BACKGROUND**

Petitioner, Linda Wilson ("Wilson"), has filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361 (DN 1). By order entered March 19, 2007, the District Judge referred this matter to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) for appropriate hearings, if any, and for the issuance of a report and recommendation regarding the pending writ of mandamus (DN 7). The respondent, Diane S. Robl ("Robl"), has filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) (DN 12, 14). Wilson has filed a response (DN 13) and Robl has filed a reply (DN 14).

After considering the arguments of the parties, the evidence in the record, and the applicable law, the undersigned concludes that an evidentiary hearing is not necessary to address the petition for writ of mandamus. The undersigned concludes this matter is now ripe for determination.

FINDINGS OF FACT

On July 28, 2003, Wilson and her husband Ewert J. Wilson[1] (collectively the "Wilsons") filed a Chapter 13 voluntary petition in the United States Bankruptcy Court, Western District of Kentucky at Bowling Green (DN 12, Exhibit 1-- docket report for bankruptcy petition No. 03-11626 at DN 1). The Bankruptcy Court subsequently granted their motions to convert the case to a Chapter 11 proceeding and then to a Chapter 7 proceeding (DN 12, Exhibit 1-- docket report for bankruptcy petition No. 03-11626 at DN 9, 48).

On August 22, 2005 an order was entered granting an unopposed motion by the Chapter 7 Trustee to sell non-exempt assets, including real estate, oil and gas leases, patents and heavy equipment (DN 12, Exhibit 1-- docket report for bankruptcy petition No. 03-11626 at DN 63, 68). On September 7, 2005 the Wilsons filed their motion for an order granting a homestead exemption as to real estate known as "the farm" (DN 12, Exhibit 1-- docket report for bankruptcy petition No. 03-11626 at DN 69, 90). On October 4, 2005 an objection was filed to their motion because the property had not been listed as a residence of the Wilsons (DN 12, Exhibit -- docket report for bankruptcy petition No. 03-11626 at DN 73, 90). On November 16, 2005 the Bankruptcy Court conducted an evidentiary hearing on the Wilsons' motion (DN 12, Exhibit 1-- docket report for bankruptcy petition No. 03-11626 at DN 90).

On February 6, 2006, the Bankruptcy Court Judge issued a memorandum opinion and a separate order denying the Wilsons' motion (DN 12, Exhibit 1-- docket report for bankruptcy

---

[1] At some point during the pendency of the bankruptcy proceeding Ewert Wilson died (DN 1).

petition No. 03-11626 at DN 90). The Bankruptcy Court Judge explained their motion must be denied because of the following reasons: (1) there was no evidence presented at the evidentiary hearing to establish that "the farm" served as the Wilsons' permanent residence; (2) on each of their petitions the Wilsons listed a different property as their residence; (3) the Wilsons failed to properly raise the homestead exemption; (4) the Wilsons did not have standing to claim an exemption as to the subject property because all of their non-exempt assets were sold and approved by the Bankruptcy Court without any objection by them; and (5) the Wilsons did not have standing to assert any sort of exemption as to "the farm" because they attempted to have the property conveyed to them post-petition without obtaining approval of the Bankruptcy Court (DN 12, Exhibit 1-- docket report for bankruptcy petition No. 03-11626 at DN 90).

On May 24, 2006 the Trustee's final report was filed with the Bankruptcy Court (DN 12, Exhibit 1-- docket report for bankruptcy petition No. 03-11626 at DN 93). From May 24, 2006 through January 30, 2007 the focus of the bankruptcy proceeding was compensation and reimbursement to the Chapter 7 Trustee and the filing of the Trustee's final accounting (DN 12, Exhibit 1-- docket report for bankruptcy petition No. 03-11626 at DN 106). The final entry on the docket report is dated January 31, 2007, and reads as follows:

> "Final Decree, discharging trustee, if applicable, and cancelling bond. CASE CLOSED. (Pierce, M) (Entered:01/31/2007)"

(DN 12, Exhibit 1 -- docket report for bankruptcy petition No. 03-11626 at DN 107).

Apparently, Wilson thereafter obtained new counsel. On February 12, 2007, counsel tendered to the bankruptcy clerk's office a motion to alter or amend the final decree entered on January 31, 2007 (DN 1, Exhibit). Wilson acknowledges the bankruptcy clerk's office contacted her attorney by telephone on February 13, 2007, and advised that the motion to alter or amend could

3

not be accepted for filing and would be returned because the case was closed (DN 1, Paragraph 8). Wilson also concedes that during this telephone conversation the bankruptcy court clerk's office advised "the correct procedure would be for the Petitioner to move the Court for leave to reopen the ... case" (DN 1 at Paragraph 9).

Wilson's counsel subsequently received from the bankruptcy court clerk's office a letter dated February 14, 2007 (DN 1, Exhibit A). The letter advises that the motion to alter or amend is being returned because the case is closed and cannot be accepted for filing without a motion to reopen and payment of the appropriate fee[2] (DN 1, Exhibit A).

Instead of filing a motion to reopen and paying the appropriate fee, or asking the Court to waive said fee, Wilson filed the within petition for writ of mandamus (DN 1). Wilson asks this Court (1) to issue a writ of mandamus commanding Robl to file her motion to alter or amend; (2) award Wilson the cost of this proceeding; and (3) grant Wilson any additional relief this Court deems proper (DN 1).

## CONCLUSIONS OF LAW

The District Court is provided with original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.[3] Notably, "the remedy of mandamus is a

---

[2] Apparently the filing fee is $260.00 (DN 1, Exhibit).

[3] Additionally the Court is authorized to issue writs of mandamus under 28 U.S.C. § 1651(a) which reads as follows:
> "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles

4

drastic one, to be invoked only in extraordinary circumstances." In re Ford, 987 F.2d 334, 341 (6th Cir. 1992) (citing Kerr v. United States District Court, 426 U.S. 394, 402 (1976)).

Generally, before a writ of mandamus may properly issue the following elements must coexist:

> "(1) A clear right in the plaintiff to the relief sought; (2) a clear duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available."

Carter v. Seamans, 411 F.2d 767, 773 (5th Cir.), cert. denied, 397 U.S. 941 (1969).[4] The undersigned concludes there is a procedural and substantive reason why the first element does not exist herein.

The procedural reason arises out of the January 31, 2007 docket entry indicating the bankruptcy case was closed (DN 12, Exhibit-- docket report for bankruptcy petition No. 03-11626 at DN 107).[5] Because of this docket entry the bankruptcy clerk's office by telephone and letter notified counsel for Wilson that the case is closed and her motion to alter or amend cannot be

---

of law."
See also In re Ford, 987 F.2d 334, 341 (6th Cir. 1992) (Sixth Circuit has the power to issue a writ of mandamus under the All Writs Statute, 28 U.S.C. § 1651).

[4]Robl has asserted that the Court should apply a two-part test (DN 12, 14). Under that test the Petitioner must demonstrate (1) there are no other adequate means to attain the relief desired; and (2) the Petitioner's right to issuance of the writ "'is clear and indisputable.'" In re Ford, 987 F.2d at 341(quoting Kerr v. United States District Court, 426 U.S. 394, 403 (1976). The undersigned prefers the three-part test articulated above because it involves a more in depth consideration of the circumstances when determining whether issuance of a writ of mandamus is appropriate.

[5]Apparently, the case was closed pursuant to Section 350(a) of the Bankruptcy Code because the conditions precedent were satisfied (DN 12, Exhibit 1- - docket report for bankruptcy petition No. 03-11626 at DN 107). Section 350(a) of the Bankruptcy Code reads as follows:
> "After an estate is fully administered and the court has discharged the trustee, the court shall close the case."

11 U.S.C. § 350.

5

accepted without a motion to reopen and payment of the appropriate fee. Therefore, the undersigned will rely on the January 31, 2007 docket entry in determining whether Wilson has a clear right to the relief sought and in determining whether there is a clear duty on the part of Robl to do the act in question.

Wilson argues despite what the docket entry says the case could not close earlier than Tuesday, February 13, 2007 because the ten day time limit for her to file a Rule 59(e) motion to alter or amend ended on Saturday, February 10 and the following Monday was Lincoln's Birthday, a legal holiday in Kentucky (DN 13). Apparently, Wilson overlooks the fact that such a substantive determination is one for the Court not the clerk to make. See e.g. Hooker v. Sivley, 187 F.3d 680, 682 (5th Cir. 1999) (a judge, not a clerk of court, makes the determination whether a petitioner may proceed under § 2241 in that district); 21 C.J.S. Courts § 340 (2006) ("a clerk of court is not concerned with the merit of the papers or with their effect and interpretation; thus, the clerk may ordinarily not reject a pleading on substantive grounds..."). While her argument may have some relevance to the issues of whether the Bankruptcy Court should reopen the case and waive the filing fee, her argument is not relevant to the questions before this Court. More specifically, whether Wilson has a clear right to the relief sought and whether Robl has a clear duty to do the act in question when the docket sheet indicates the case is closed.

Since the docket entry indicates the bankruptcy case was closed the applicable law indicates the case must be reopened when, as here, a debtor seeks a ruling on a substantive matter. 11U.S.C. § 350(b)[6]; F.R.B.P. 5010[7] [8]; In re Leach, 194 B.R. 812, 814-816 (E.D. MICH. 1996)

---

[6]Section 350(b) reads as follows:
"A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for

(generally a closed case must be reopened before the Bankruptcy Court may entertain a substantive matter); accord In re Chalasani, 92 F.3d 1300, 1307 (2d Cir. 1996) ("to challenge a default judgment, the movant must first reopen the case in the court where the default was taken."). Notably, there is a fee for filing a motion to reopen. 28 U.S.C. § 1930 (Bankruptcy Court Miscellaneous Fee Schedule at Paragraph 11)[9]. In sum, if Wilson wants the Bankruptcy Court to act on her motion to alter or amend she must comply with the reopening requirement implicit in Section 350(b) and F.R.B.P. 5010 as well as pay the statutorily imposed filing fee or ask the Bankruptcy Court to waive the fee.

As a general rule, the clerk of a court has a duty to file documents and papers that are presented for the purpose of filing. Fed.R.Civ.P. 5(e); F.R.B.P. 5005(a)(1); Hooker, 187 F.3d at 682; Smith v. Planned Parenthood of St. Louis Region, 327 F.Supp.2d 1016, 1018 (E.D. Mo. 2004); 21 C.J.S. Courts § 340 (2006). However, this general rule does not apply when a statute or a court rule expressly authorizes the clerk to refuse to accept documents and papers for filing under specified circumstances. 21 C.J.S. Courts § 340 (2006). For example, a clerk may refuse to file a complaint or petition until the proper fee is payed because of a statute and/or a local rule of the

---

other cause."
11 U.S.C. § 350(b).

[7]Rule 5010 of the Federal Rules of Bankruptcy Procedure provides that a case "may be reopened on motion of the debtor or other party in interest pursuant to § 350(b) of the Code."

[8]The Advisory Committee Note to F.R.B.P. 5010 does indicate a case need not be reopened for the Bankruptcy Court to correct "clerical errors in judgments, orders, or other parts of the record or errors therein caused by oversight or omission". Here, however, Wilson is not seeking such relief. Rather, she seeks a ruling on a substantive matter.

[9]The bankruptcy court "may waive this fee under appropriate circumstances..." 28 U.S.C. § 1930 (Bankruptcy Court Miscellaneous Fee Schedule at Paragraph 11).

court. See e.g. Smith, 327 F.Supp.2d at 1020 (the clerk of a district court did not err in refusing to file the complaint until plaintiff paid the filing fee in light of 28 U.S.C. § 1914 and Local Rule 2.01(B)); 21 C.J.S. Courts § 340. Additionally, after a case is closed the clerk of the court is under no obligation or duty to file documents in that case. Miller v. Johnson, 541 F.Supp. 1165, 1176 (D.C.D.C. 1982). Here, because the docket entry indicated the case was closed, Robl did not err in refusing to file Wilson's motion to alter or amend in the absence of a motion to reopen, 11 U.S.C. § 350(b) and F.R.B.P. 5010, and payment of the filing fee. 28 U.S.C. § 1930 (Bankruptcy Court Miscellaneous Fee Schedule at Paragraph 11) and L.B.R. 6.12(b)[10].

The substantive reason that the first element does not exist herein arises out of what Wilson fails to argue in her motion to alter or amend. Notably, a motion to alter or amend judgment, pursuant to Fed.R.Civ.P. 59(e)[11], serves a limited purpose and should be granted for one of three reasons: (1) there is a need to correct a clear error of law or prevent manifest injustice; (2) there is new evidence which was not available to the party prior to the original entry of judgment; or (3) there is an intervening change of controlling law. Gen Corp. v. American International, 178 F.3d 804, 834 (6th Cir. 1999) (internal quotations omitted); Javetz v. Board of Control, Grand Valley State University, 903 F.Supp. 1181, 1190 (W.D. Mich. 1995); Keweenaw Bay Indian Community v. Secretary of Michigan, 152 F.R.D. 562, 563 (W.D. Mich. 1992, affirmed, 11 F.3d 1341 (6th Cir. 1993); see also Hayes v. Douglas Dynamics, Inc., 8 F.3d 88, 90-91, n.3 (1st Cir. 1993); Torre v. Federated Mutual Ins. Co., 862 F.Supp. 299, 300-301 (D. Kan. 1994). Granting such a motion is

---

[10] Local Rules of practice for the United States Bankruptcy Court for the Western District of Kentucky.

[11] Rule 9023 of the Federal Rules of Bankruptcy Procedure directs that Fed.R.Civ.P. 59 "applies in cases under the Code..."

within the sound discretion of the Court. Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir. 1982).

Wilson's motion to alter or amend asserts that there is a need to correct a clear error of law (DN 1, Exhibit). More specifically, Wilson argues the Bankruptcy Court applied the wrong standard in making the permanent residence determination (DN 1, Exhibit). Her supporting affidavit indicates at various periods during the pendency of the bankruptcy proceeding she resided in a log structure on that property (DN 1, Exhibit).

Clearly, what is set forth in Wilson's supporting affidavit could and should have been presented during the evidentiary hearing. Thus, Wilson's affidavit does not constitute new evidence which was not available to her prior to the Bankruptcy Court rendering its original decision on February 6, 2006.

More importantly, Wilson's motion to alter or amend (DN 1, Exhibit) ignores three additional and significant reasons why the Bankruptcy Court denied the motion for an order granting a homestead exemption. Specifically, (1) the Wilsons failed to properly raise the homestead exemption; (2) the Wilsons did not have standing to claim an exemption as to the subject property because all of their non-exempt assets were sold and approved by the Bankruptcy Court without any objection by them; and (3) the Wilsons did not have standing to assert any sort of exemption as to "the farm" because they attempted to have the property conveyed to them post-petition without obtaining approval of the Bankruptcy Court (DN 12, Exhibit 2--Memorandum Opinion). Clearly, Wilson's motion to alter or amend is destined to fail because she has not challenged these three other reasons. In sum, the undersigned concludes the first element of the mandamus test is not satisfied. Carter, 411 F.2d 773.

9

Under the second prong of the above identified test there must be "a clear duty on the part of the defendant to do the act in question..." Carter, 411 F.2d at 773. More specifically, the duty must be purely ministerial. Short v. Murphy, 512 F.2d 374, 377 (6th Cir. 1975) (citing Work v. United States Ex Rel. Rives, 267 U.S. 175, 177 (1925) ("Mandamus issues to compel an officer to perform a purely ministerial duty."). Here, Wilson argues that the alleged duty--filing her motion to alter or amend--is a ministerial duty (DN 1, 13). Generally, the duty of the clerk to file papers submitted to him or her is purely ministerial and he or she may not refuse to perform that duty. 21 C.J.S. Courts § 340. Here, however, Robl did not have a clear duty to file Wilson's motion to alter or amend because the docket report indicated the case was closed. Thus, mandamus cannot be used to compel Robl to file Wilson's motion to alter or amend.

Under the last prong of the above test there must be "no other adequate remedy available." Carter, 411 F.2d at 773. "[M]andamus does not supersede other remedies." Id. Rather, it comes into play "where there is a want of such remedies." Id. Of course, "the alternative remedy must be adequate, i.e., capable of affording full relief as to the very subject matter in question." Id. (citations omitted).

Wilson asks the Court to issue a writ of mandamus commanding Robl to file her motion to alter or amend (DN 1). In making this request, Wilson fails to appreciate the significance of the docket entry indicating the bankruptcy case is closed. Wilson still must successfully move for a reopening of the case before the Bankruptcy Court may act on her motion to alter or amend. 11 U.S.C. § 350(b); F.R.B.P. 5010; In re Leach, 194 B.R. 812, 814-816 (E.D. MICH. 1996) (generally a closed case must be reopened before the Bankruptcy Court may entertain a substantive matter); accord In re Chalasani, 92 F.3d 1300, 1307 (2d Cir. 1996) ("to challenge a default

10

judgment, the movant must first reopen the case in the court where the default was taken."). Clearly, a far more adequate remedy is available to Wilson. Specifically, file a motion to reopen and tender the appropriate fee[12] along with her motion to alter or amend. Notably, this is what the bankruptcy clerk's office told Wilson's counsel by telephone and letter over five months ago.

In sum, the undersigned concludes that it would be improper to grant relief in this case by way of mandamus because all three of the above elements in the test do not coexist.

## RECOMMENDATION

For the foregoing reasons, it is recommended that Robl's motion to dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), be GRANTED and that Wilson's petition for writ of mandamus be DISMISSED.

## NOTICE

Therefore, under the provisions of 28 U.S.C. Sections 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within ten (10) days after being served with a copy, any party may serve and file written objections to such findings and

---

[12]Notably, the Bankruptcy Court has the discretion to waive the filing fee. 28 U.S.C. § 1930 (see Paragraph 11 to Bankruptcy Court Miscellaneous Fee Schedule).

11

recommendations as provided by the Court. If a party has objections, such objections must be filed within ten (10) days or further appeal is waived. Thomas v. Arn, 728 F.2d 813 (6th Cir.), aff'd, U.S. 140 (1984).

Copies:     Counsel